UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HEIDI ANN GILLS, Plaintiff | CIVIL ACTION NO. 1:17-CV-01415 |
| VERSUS | JUDGE DRELL |
| VERIZON CORPORATION, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

Before the Court is a Complaint removed from a Louisiana state court by Defendant Cellco Partnership, doing business as Verizon Wireless ("Cellco").[1] (Doc. 1). Cellco premises federal jurisdiction on diversity of citizenship (Doc. 1). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079

---

[1] Cellco alleges it was incorrectly named as Verizon Corporation. (Doc. 1).

(5th Cir. 2008) (citing Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968)) (internal citation and quotation omitted). "[W]hen jurisdiction depends on citizenship, citizenship must be *distinctly and affirmatively* alleged." Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988) (internal quotation omitted) (See also Mullins v. Testamerica, Inc., 2008 WL 4888576 (5th Cir. 2008)(per curiam).

In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. Coury v. Prot, 85 F. 3d 244, 249 (5th Cir. 1996). The party invoking subject matter jurisdiction in federal court has the burden of establishing the Court's jurisdiction. St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F. 3d 1250, 1253-54 (5th Cir. 1998). In this case, the removing Defendant must bear that burden.

The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. See Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C., 757 F.3d 481, 483 (5th Cir. 2014). "[T]he citizenship of a partnership is determined by reference to the citizenship of each of its partners." See Int'l Paper Co. v. Denkmann Associates, 116 F.3d 134, 135, 137 (5th Cir. 1997). The citizenship of a limited liability company ("L.L.C."), a limited partnership, or other unincorporated

association or entity is determined by the citizenship of all its members. See Harvey, 542 F.3d at 1079-80.

The Plaintiff's Petition for Damages ("Petition") does not seek a specific amount of damages (Doc. 1-1). Therefore, the removing Defendant is required to either (1) demonstrate that it is facially apparent that the amount in controversy exceeds $75,000; or (2) set forth specific facts in controversy that support a finding of the jurisdictional amount. St. Paul Reinsurance, 134 F. 3d at 1253. Cellco alleges the jurisdictional amount is established, as evidenced by plaintiff's refusal to execute the Stipulation and Waiver which was sent to her on October 24, 2017. (Doc. 1, Exh. "NR-2").

Plaintiff Heidi Ann Gills ("Gills") alleges she is a citizen of Rapides Parish, Louisiana. (Doc. 1-4). Gills is a citizen of Louisiana.

Gills sues Defendant Verizon Corporation. (Doc 1-4). Gills's Petition contains no allegations regarding the citizenship of Cellco. (Doc. 1-4). In its Complaint for Removal, Cellco alleges it was improperly named as Verizon Corporation, its proper name being Cellco Partnership, doing business as Verizon Wireless. (Doc. 1). Cellco further alleges it is a Delaware General Partnership with its principal place of business in New Jersey. (Doc. 1). Cellco alleges none of its partners are incorporated in or have their principal place of business in Louisiana. (Doc. 1).

However, while the state of incorporation and principal place of business are sufficient jurisdictional facts to establish a corporation's citizenship, Cellco is a

General Partnership.[2]  The Fifth Circuit has held that the "the citizenship of a partnership is determined by reference to the citizenship of each of its partners." See Int'l Paper Co., 116 F.3d 134, 135, 137 (5th Cir. 1997).  However, neither Gills's Petition nor Cellco's Complaint for Removal allege facts regarding the citizenship of all of the partners of Cellco Partnership.

The Court cannot determine from the pleadings whether the parties are diverse in citizenship.  Therefore, federal jurisdiction is in question.

Accordingly,

The Clerk of Court is DIRECTED to serve a copy of this order upon the Plaintiff Heidi Ann Gills IMMEDIATELY upon receipt of proof of service or an appearance.

IT IS ORDERED that, not later than twenty-one (21) days from service of this Order, Defendant Verizon Corporation SHALL FILE:  (1) a Jurisdictional Memorandum setting forth specific facts, including the citizenship of all of the partners of Cellco Partnership, doing business as Verizon Wireless, both at the time of filing in state court and at the time of removal to federal court, that support a finding that the parties are diverse in citizenship; and (2) a motion for leave to amend the jurisdictional allegations of the Complaint for Removal pursuant to 28 U.S.C. § 1653 to adequately allege diversity jurisdiction.

IT IS FURTHER ORDERED that Plaintiff Heidi Ann Gills will be allowed seven (7) days from receipt of Defendant Verizon Corporation's memorandum regarding jurisdiction to file a response.

---

[2] See https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  7th  day of November, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge