UNITED STATES DISTRICT COURT  b
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HEIDI ANN GILLS | CIVIL ACTION 1:17-CV-01415 |
| VERSUS | JUDGE DRELL |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

I.  **Background**

Plaintiff Heidi Ann Gills ("Gills") filed this action for personal injuries caused her by an agent of Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon"). Defendant removed the case from a state court, premising jurisdiction on diversity.

Gills contends an unnamed sales representative of Verizon, who had texted her information about cell phones and plans, apparently accidentally sent her a vulgar text, and then stopped communicating with her when she tried to complete the sale. As a result, Gills suffered depression and anxiety. Gills contends she eventually contacted Verizon's executive offices about the incident and sent them screenshots of the conversation, as they requested. Verizon told Gills they never received her letter and the screenshots, although delivery to Verizon was verified by the carrier.

Gills initiated this action, seeking damages for negligent infliction of emotional distress and intentional infliction of emotional distress under Louisiana law pursuant to La. C.C. art. 2315 (Doc. 1).

Defendant answered the complaint (Doc. 23; Doc. 38-1, p. 11/43)), then filed a Motion to Dismiss for failure to state a claim (Doc. 12).[1] Gills filed a response to Defendant's motion (Doc 18), to which Defendant replied (Doc. 19).

## II. Law and Analysis

### A. Standards governing a Motion for Judgment on the Pleadings.

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). "[A] complaint will survive dismissal for failure to state a claim if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Legate v. Livingston, 822 F.3d 207, 210 (5th Cir. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal citation and quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The court must view all well-pleaded facts in the light most favorable to the plaintiff. Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 174 (5th Cir. 2016).

Because a Rule 12(b) motion must be filed before responsive pleadings, Defendant's motion was untimely. A motion to dismiss for failure to state a claim, filed after the answer, is treated as a motion for judgment on the pleadings, based on a failure to state a claim on which relief may be granted, under Fed. R. Civ. P. 12(c). Rule 12(c) motions may be filed after the pleadings are closed. Jones v.

---

[1] Defendant's answer appears to have been filed by a non-attorney representative of Verizon. The defense of failure to state a claim was not preserved in the answer.

Greninger, 188 F.3d 322, 324 (5th Cir. 1999).  The standard of review under Rule 12(b)(6) applies to motions for judgment on the pleadings under Rule 12(c).  See Delhomme v. Caremark Rx Inc., 232 F.R.D. 573, 576, n. 2  (N.D. Tex. 2005) (citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 313 n. 8 (5th Cir. 2002)); see also Young v .City of Houston, 599 Fed. Appx. 553, 554 (5th Cir. 2015) Quality Infusion Care Inc., v. Humana Health Plan of Texas Inc., 290 Fed. Appx.  671, 684 at n. 3 (5th Cir. 2008) ("Although the distinction should be noted, calling it dismissal or judgment on the pleadings is immaterial to the analysis herein.").

      B.    **Plaintiff failed to state a claim for negligent infliction of emotional distress.**

Defendant argues Gills has not stated a claim for negligent infliction of emotional distress because the conduct alleged is not sufficiently outrageous.

Gills alleges she conversed with a Verizon sales agent about cell phones via text for two days.  At some point, the sales agent sent Gills a "sound text" that said "bitch," then sent another text stating "disregard that" (Doc. 1-4).  The sales person then discontinued the conversation with Gills, even though Gills was ready to purchase a phone.

Gills claims she immediately became despondent and suicidal over being called a "bitch" by the unknown sales person, causing her to miss a day of work (Doc. 1-4).  Two days later she asked him why he had done so, to which he responded a day later, "I don't think I was down 'bout you,'" and explained he had caught his fiancée cheating on him (Doc 1-4).  Gills contends she is still not sure

3

whether he intended the "bitch" text for her or someone else (Doc. 1-4) (Doc. 1-4). Gills claims that, since the incident, whenever she sees or hears the words "Verizon" or "bitch," she becomes anxious, depressed, angry, and has palpitations (Doc. 1-4).

Gills contacted the Verizon executive offices concerning the incident and sent them a packages of screenshots of her conversation with the employee (Doc. 1-4). Gills alleges her case was transferred to three different customer service representatives and given 4 different case numbers (Doc. 1-4). Gills contends each of the customer service representatives told Gills they never received the package of screenshots, although Gills sent it by certified mail and had proof of delivery (Doc. 1-4).

Under Louisiana law, Defendants are answerable for the damage occasioned by their employee in the exercise of the duties for which he was employed. See La. C.C. art. 2320.

A claim for negligent infliction of emotional distress unaccompanied by physical injury may be viable under La. C.C. art. 2315, which provides, in pertinent part, that "[e]very act whatever of man that causes damages to another obliges him by whose fault it happened to repair it." Courts utilize a duty-risk analysis to assist in determining whether one may recover under La. C.C. art. 2315.[2] See Covington

---

[2] For liability to attach, a plaintiff must prove five separate elements in the duty-risk analysis: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) actual damages (the damages element). See Covington, 146 So.3d at 937 (citing Mathieu v. Imperial Toy Corp., 94–0952 (La.11/30/94), 646 So.2d 318). A negative answer to any of those inquiries results in a determination of no liability. Covington, 146 So.3d at 937.

v. Howard, 49,135 (La. App. 2 Cir. 8/13/14, 5–6), 146 So.3d 933, 937, writ denied, 2014-1927 (La. 11/21/14), 160 So.3d 973 (citing Bordelon v. St. Frances Cabrini Hosp., 93–1331 (La. App. 3 Cir. 5/4/1994), 640 So.2d 476, 478).

Additionally, for negligent infliction of emotional distress claims unaccompanied by physical injury, recovery is limited to facts constituting "special circumstances" involving the "especial likelihood" of real and serious mental distress arising from the particular circumstances. See Covington, 146 So.3d at 937 (citing Moresi v. State through Dept. of Wildlife & Fisheries, 567 So. 2d 1081, 1095-96 (La. 1990)). Examples of such cases are: (1) against a telegraph company for the negligent transmission of a message, especially one announcing death, indicating on its face a potential for mental distress; (2) for the mishandling of corpses; (3) for failure to install, maintain, or repair consumer products; (4) for failure of a professional photographer to take wedding photographs or develop film; (5) for negligent damage to one's property while the plaintiffs were present and saw their property damaged; and (6) for fright or nervous shock where the plaintiff was actually in great fear for his personal safety. See Moresi 567 So. 2d at 1096. The most common thread of the "special circumstances" in the cases discussed in Moresi is that each of those cases presents facts proving the defendant's act created a very strong and obvious likelihood that the plaintiff would suffer genuine and severe mental distress. See Boquet v. Belanger, 2015 WL 1650255 at *6 (E.D. La. 2015) (citing Covington, 146 So.3d at 940). Typically, the defendant's conduct under the circumstances is deemed so unconscionable or outrageous that a person of ordinary

sensibilities would suffer emotional distress. See Boquet, 2015 WL 1650255, at *6 (citing Covington, 146 So.3d at 937).

Gills has not stated a claim for negligent infliction of emotional distress. The salesman's apparently misdirected text to Gills was not so unconscionable or outrageous that a person of "ordinary sensibilities" would suffer "genuine and severe" emotional distress. Gills received a text that said "bitch" from someone she had never met and who did not know her, and that person immediately told her to disregard it and later explained he had caught his fiancée cheating on him. Gills took the text very personally and allegedly suffered an extreme, arguably disproportionate, degree of emotional distress that was far beyond that which a person of ordinarily sensibilities would reach. Sending a single text containing one vulgar word–whether accidentally or intentionally–is simply not the kind of unconscionable and outrageous conduct that would cause genuine and severe emotional distress to a person of ordinary sensibilities.

Defendants' motion for judgment on the pleadings (Doc. 12) should be granted as to Gills's claim of negligent infliction of emotional distress.

### C. Gills also has not stated a claim for intentional infliction of emotional distress.

In order to state a claim for intentional infliction of emotional distress under Civil Code article 2315, the Louisiana Supreme Court has held that a plaintiff must establish: (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional

6

distress would be certain or substantially certain to result from the conduct. See White v. Monsanto Co., 585 So.2d 1205, 1209 (La. 1991); see also Lester v. Sec'y of Veterans Affairs, 514 F. Supp. 2d 866, 881 (W.D. La. 2007).

The conduct must be so outrageous in character and extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. Persons must necessarily be expected to be hardened to a certain amount of rough language, and to occasional acts that are inconsiderate and unkind. See White, 585 So.2d at 1209; see also Lester, 514 F. Supp. 2d at 881.

Gills alleged only a brief and insulting text message that the sender appeared to indicate had not been intended for her. A misdirected text message is neither intentional, nor is it outrageous, extreme, and atrocious conduct. Even if the text had been intended for Gills, as stated above, liability does not extend to mere insults and indignities.

Therefore, Gills has not stated a claim for intentional infliction of emotional distress. Defendants' motion for judgment on the pleadings (Doc. 12) should be granted as to that claim.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Defendants' Motion for Judgment on the Pleadings (Doc. 12) be GRANTED and that Plaintiff's action against all Defendants be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana on this __20th__ day of March, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge